UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jeremy Kyle Joyner**                    **Docket No. 5:16-CR-317-5M**

### Petition for Action on Supervised Release

COMES NOW Scott Plaster, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jeremy Kyle Joyner, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute a Quantity of Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on June 29, 2017, to the custody of the Bureau of Prisons for a term of 12 months and 1 day. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 10 years. Jeremy Kyle Joyner was released from custody on November 9, 2017, at which time the term of supervised release commenced.

On March 16, 2022, a Violation Report was submitted advising the court that the defendant accrued seven misdemeanor charges of Domestic Violence Protection Order Violation, and six misdemeanor charges of Misuse of 911 System in Nash County, North Carolina. Joyner also admitted to cocaine use on March 11, 2022. As a result of the drug use, the defendant was referred to substance abuse treatment and drug screening frequency was increased. With regard to the criminal charges, it was recommended no action be taken pending a disposition in state court.

On June 25, 2024, a Violation Report was submitted advising the court that the defendant tested positive for cocaine use. The frequency of contacts and urine screens increased, and supervision was permitted to continue with no further action.

On November 1, 2024, a Violation Report was submitted advising the court that Joyner left the district without permission and submitted a urine specimen that was positive for cocaine use. He was referred to treatment, and the court agreed to continue supervision pending treatment compliance.

On September 16, 2025, the defendant's case was reassigned to the Honorable Richard E. Myers II, Chief U.S. District Judge.

On October 28, 2025, a Violation Report was submitted advising the court that Joyner was charged with Driving While Impaired and Speeding (25CR446806) in Johnston County, North Carolina. It was recommended that this matter be held in abeyance pending a resolution in state court.

On April 1, 2026, a Violation Report was submitted advising the court that the defendant tested positive for cocaine use on February 24, 2026. He was also charged on March 21, 2026, with Driving While Impaired and misdemeanor Child Abuse (26CR262236) in Wake County, North Carolina. On March 30, 2026, charges of Driving While License Revoked – Not Impaired Driving Revocation, Reckless Driving to Endanger, and Speeding in a Work Zone (26CR15997) were filed in relation to the same incident on March 21, 2026. As a result of Joyner's use of cocaine, he was referred to complete 30 hours of counseling. With regard to the criminal charges, it was recommended no action be taken pending a disposition in state court.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the

Jeremy Kyle Joyner
Docket No. 5:16-CR-317-5M
Petition for Action
Page 2

current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

2. The defendant shall provide the probation office with access to any requested financial information.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. If the defendant has dependents- the defendant shall support the defendant's dependent and meet other family responsibilities.

5. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, it is recommended that the defendant participate in a cognitive behavioral program, which will increase the likelihood of success on supervision while also participating in the HOPE Program.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above, as well as the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervision be modified as follows:

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**Jeremy Kyle Joyner**
**Docket No. 5:16-CR-317-5M**
**Petition for Action**
**Page 4**

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Mark Culp
Mark Culp
Supervising U.S. Probation Officer

/s/ Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8808
Executed On: June 26, 2026

## ORDER OF THE COURT

Considered and ordered this __29th__ day of June, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief U.S. District Judge